UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANTHE MARTINEZ-BROOKS, REJEANNE COLLIER, JACKIE MADORE and KENNETH CASSIDY, Individually, and on behalf of all others similarly situated,<br><br>Petitioners,<br><br>v.<br><br>D. EASTER, Warden of Federal Correctional Institute at Danbury, and MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons, in their official Capacities<br><br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>No. 3:20-cv-00569<br>:<br>:<br>:<br>:<br>:<br>:<br>April 27, 2020<br>:<br>: |

## NOTICE OF RELATED CASE

In accordance with Rule 40(b)(2) of the Local Rules of Civil Procedure for the District of Connecticut, Petitioners Dianthe Martinez-Brooks, Rejeanne Collier, Jackie Madore, and Kenneth Cassidy hereby give notice of a related case: *Foreman v. United States of America, et al.*, No. 3:20-CV-00555-VAB (filed April 24, 2020) (Bolden, J.). Transferring this matter to Judge Bolden pursuant to L. R. Civ. P. 40(b)(1)(a) would conserve judicial resources and advance the just, efficient, and economical conduct of litigation in both related cases.

Petitioners are prisoners in the custody of the Federal Bureau of Prisons at FCI Danbury. They have filed the instant habeas petition pursuant to 28 U.S.C. § 2241 on behalf of themselves and all other similarly-situated prisoners for their immediate release and the implementation of other appropriate social distancing measures in light of the grave threat posed by COVID-19. Petitioners claim that their continued confinement at FCI Danbury during the pendency of the COVID-19 pandemic violates the Eighth Amendment. In *Foreman v. United States*, already

1

pending before the District of Connecticut, Theresa Foreman, also serving a federal sentence in the custody of BOP at FCI Danbury, has likewise brought claims including a habeas petition pursuant to 28 U.S.C. § 2241 for release from imprisonment under substantially similar COVID-19 grounds alleging that her continued imprisonment violates the Eighth Amendment.

There is significant overlap between the respondents in the two actions. The Respondents in this action are D. Easter, Warden of FCI Danbury and Michael Carvajal, Director of the BOP. These same individuals are also respondents in *Foreman v. United States*.[1]

Rule 40(b)(1)(a) of the Local Rules of Civil Procedure provides that when related cases are filed, "the later-filed case should normally be transferred to the Judge having the earliest filed case that remains pending." This rule "embodies considerations of judicial administration and conservation of resources." *Tucker v. Am. Int'l Grp., Inc.*, 728 F. Supp. 2d 114, 120 (D. Conn. 2010) (quoting *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991)). Specifically, the rule promotes "judicial economy," by permitting "a judge already familiar with the facts of one case to preside over both cases with a minimum duplication of judicial effort." *McCann v. Commc'ns Design Corp.*, No. 92-CV-34, 1992 WL 336760, at *2 (D. Conn. Oct. 1, 1992).

Judicial economy is advanced by accepting this matter as related to *Foreman v. United States*, which is "the earliest filed case that remains pending." L.R. Civ. P. 40(b)(1)(a). Adjudication of both cases will require the Court to familiarize itself with the factual context of current conditions in FCI Danbury and Respondents' related actions permitting and perpetuating

---

[1] The United States is also a named defendant in *Foreman*, since Ms. Forman has also asserted a claim for post-conviction relief pursuant to 28 U.S.C. § 2255. The effective relief sought by Ms. Foreman—release from continued confinement—is identical to the relief sought by petitioners in this action and the addition of the United States as a party in *Foreman* is not a material difference as compared to the configuration of parties in this action.

extraordinary danger to prisoners confined at FCI Danbury during the COVID-19 pandemic through their failure to implement appropriate social distancing and hygienic measures at that facility.

Accordingly, in the interest of justice and efficiency, petitioners respectfully request that the Court deem this matter a related case to *Foreman v. United States*.

Dated April 27, 2020                    Respectfully Submitted,

                                                            /s/ David S. Golub
David S. Golub, ct00145
Jonathan M. Levine, ct 07584
Silver, Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06901
Phone: (203) 325-4491
Email: dgolub@sgtlaw.com
         jlevine@sgtlaw.com

Sarah French Russell, ct26604
Tessa Bialek ct30582
Legal Clinic, Quinnipiac University School of Law
275 Mt. Carmel Avenue
Hamden, CT 06518
Phone: (203) 582-5258
Email: sarah.russell@quinnipiac.edu
         tessa.bialek@quinnpiac.edu

Marisol Orihuela, ct30543
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
Email: marisol.orihuela@ylsclinics.org

Alexandra Harrington*
127 Wall Street
New Haven, CT 06511
Phone: 203-436-3532
alexandra.harrington@yale.edu

*Counsel for the Petitioners Dianthe Martinez-Brooks, Rejeanne Collier, Jackie Madore, and Kenneth Cassidy*

*Application for Admission Pending

**CERTIFICATION OF SERVICE**

I hereby certify that on April 27, 2020, a copy of the foregoing Notice of Related Case was filed electronically. Parties may access this filing through the Court's CM/ECF system. In addition, a copy of the Notice is being served on the Respondents with the Summons and Petition for Writ of Habeas Corpus. A copy of this Motion is further being served electronically on the Office of the United States Attorney for the District of Connecticut.

/s/ *Jonathan M. Levine*
JONATHAN M. Levine