**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DIANTHE MARTINEZ-BROOKS, | : | |
| REJEANNE COLLIER, JACKIE | : | |
| MADORE and KENNETH CASSIDY, | : | |
| Individually, and on behalf of all others | : | |
| similarly situated, | : | |
| | : | |
| Petitioners, | : | |
| | : | |
| v. | : | No. 3:20-cv-569 (MPS) |
| | : | |
| D. EASTER, Warden of Federal | : | |
| Correctional Institute at Danbury, and | : | |
| MICHAEL CARVAJAL, Director of the | : | |
| Federal Bureau of Prisons, in their official | : | |
| Capacities | : | |
| | : | |
| Respondents. | : | |

**PETITIONERS' SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF MOTION FOR TEMPORARY RESTRAINING ORDER
AND PROPOSED ORDER**

Petitioners submit this memorandum and proposed Order in follow up to the May 6, 2020

hearing in this case. Petitioners have now consulted with counsel for Respondents and submit

this Memorandum to advise the Court of the results of those discussions and to submit a

proposed order (attached hereto as Exhibit A) based on those discussions and recent

developments in *Wilson v. Williams*, No. 4:20-CV-00794 (N.D. Ohio).

**I.      List of Medically Vulnerable Prisoners**

As requested by the Court, counsel for Petitioners consulted with counsel for

Respondents about the definition of the Subclass of medically vulnerable prisoners and the

process of compiling a list of such Subclass members. Petitioners and the Government have

agreed that the Subclass shall be defined on the basis of conditions specifically identified by the CDC as putting such individuals at higher risk for severe illness from COVID-19.

Consistent with CDC Guidance, Petitioners propose that the medically vulnerable Subclass be defined as follows:

> All individuals in custody at FCI Danbury, while the threat of COVID-19 at the facility remains, who are aged 65 or over and/or who have any of the following conditions specifically identified by the United States Centers for Disease Control as putting them at higher risk for severe illness from COVID-19: (a) chronic lung disease including moderate to severe asthma, COPD, emphysema, chronic bronchitis, idiopathic pulmonary fibrosis and/or cystic fibrosis; (b) immunocompromised status, including status as a transplant recipient, on chemotherapy, HIV positive, prolonged use of corticosteroids, using immunosuppressive medication, and/or having an immune deficiency; (c) severe obesity (BMI of 40 or higher); (d) diabetes mellitus Type I or Type II, (e) gestational diabetes mellitus; (f) chronic kidney disease on dialysis; (g) chronic liver diseases, cirrhosis; and/or serious heart conditions, including congestive heart failure, coronary artery disease, congenital heart disease, cardiomyopathy, and/or pulmonary hypertension.

These conditions are covered by the CDC's publication, *People Who Are at Higher Risk for Severe Illness*, attached as Exhibit B.[1]

Plaintiff's expert, Dr. Jaimie Meyer, has compiled a list of the CDC conditions and corresponding ICD-9 and ICD-10 codes. *See* Exhibit C. The parties have agreed that, as a first step in compiling the list of Subclass members, the BOP will search for these codes in the medical records of all prisoners at FCI Danbury. The search through medical records will include but will not be limited to the "health problem lists" that appear in the medical records of each prisoner. The parties have further agreed that Petitioners shall have the right thereafter to seek to add individuals to such list of Subclass members based on outside medical records or other evidence of relevant medical conditions meeting the criteria for the Subclass.

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

**II.      Proposed Order as to the Medically Vulnerable Subclass**

Petitioners' Proposed Order, attached as Exhibit A, addresses the proposed Subclass definition, the compilation of the list of Subclass members, and a process for transfer of Subclass members to home confinement.

At the hearing on Petitioners' Motion for a Temporary Restraining Order, Petitioners referenced the order entered on April 22, 2020 by the court in *Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 1940882 (N.D. Ohio Apr. 22, 2020). Subsequent to the hearing in this matter, the Bureau of Prisons filed a status report in *Wilson* which, Petitioners believe, reflects a complete failure by the BOP in that case to identify in good faith medically vulnerable prisoners at Elkton eligible for transfer or to implement meaningful transfers of the medically vulnerable subclass.[2] Most saliently, although the BOP identified 837 medically vulnerable prisoners at Elkton, as of the date of its report it had initiated community placement for only 5 such medically vulnerable individuals and was pursuing further evaluation of 72 others. The remaining 760 prisoners (almost 91% of the class) were deemed by the BOP "not appropriate for home confinement at this time."[3]

In light of BOP's failure to implement the order in *Wilson* in a meaningful manner, Petitioners respectfully request that this Court enter a more self-executing Order. Petitioners believe that any such Order should presume eligibility of the members of the proposed medically vulnerable Subclass at FCI Danbury for transfer to home confinement absent a showing by the BOP that such Subclass member presents a serious danger to the safety of the community, to be

---

[2]   The BOP's status report in *Wilson* is attached hereto as Exhibit D; Petitioners' responsive Emergency Motion for Enforcement of the Preliminary Injunction is attached hereto as Exhibit E.

[3]   According to its submission, the BOP also determined that only a single one of the 243 medically vulnerable prisoners who had applied for compassionate release met the criteria for such release. The BOP further advised the court that it was not even considering furlough as a stand-alone basis for release from Elkton.

evaluated exclusively based on specific criteria to be set forth in the Court's Order, or has no suitable place for home confinement. *See* Proposed Order ¶¶ 3-4. Further, the Order shall set forth a mechanism to adjudicate disputes concerning Subclass member suitability for home confinement. *Id.* ¶ 8.

## III.    Proposed Order as to the Class

Petitioners further request that this Court enter Orders directing that Respondents identify members of the Class (who are not members of the medically vulnerable Subclass) who are eligible for home confinement, and that, consistent with the April 3, 2020 Memorandum from Attorney General Barr, in making such eligibility determinations, the percentage of sentence the prisoner has served or the and length of the Class member's remaining sentence shall not be a factor. Petitioners further request an Order directing transfer to home confinement for the members of the Class so identified.

## IV.    Discovery Orders

Finally, Petitioners request that the Court enter Orders directing Respondents to provide specific information about the testing that has been performed to date on both prisoners and staff at FCI Danbury, and the medical staffing coverage at the prison and further to order an expert inspection of the facility during the week of May 11 or as soon thereafter as practicable as agreed by the parties.

Dated May 7, 2020

Respectfully Submitted,

/s/ David S. Golub
David S. Golub, ct00145
Jonathan M. Levine, ct 07584
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06901
Telephone: (203) 325-4491
Email: dgolub@sgtlaw.com
jlevine@sgtlaw.com

Sarah French Russell, ct26604
Tessa Bialek ct30582
Legal Clinic, Quinnipiac University School of Law
275 Mt. Carmel Avenue
Hamden, CT 06518
Telephone: (203) 582-5258
Email: sarah.russell@quinnipiac.edu
tessa.bialek@quinnipiac.edu

Marisol Orihuela, ct30543
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
Telephone: (203) 432-4800
Email: marisol.orihuela@ylsclinics.org

Alexandra Harrington*
127 Wall Street
New Haven, CT 06511
Telephone: 203-436-3532
alexandra.harrington@yale.edu

*Counsel for the Petitioners Dianthe Martinez-Brooks, Rejeanne Collier, Jackie Madore, and Kenneth Cassidy*

*Application for Admission Pending