UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIANTHE MARTINEZ-BROOKS, REJEANNE COLLIER, JACKIE MADORE and KENNETH CASSIDY, Individually, and on behalf of all others similarly situated, | : : : : : : | |
| Petitioners, | : : | |
| v. | : : | No. 3:20-cv-569 (MPS) |
| D. EASTER, Warden of Federal Correctional Institution at Danbury, and MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons, in their official Capacities | : : : : : : : | |
| Respondents. | : | |

**PROPOSED ORDER**

Having considered Petitioners' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Request for Emergency Order of Enlargement (ECF 1), Petitioners' Emergency Motion for Temporary Restraining Order and Preliminary Injunction and accompanying memorandum and supporting exhibits (ECF 14, 15), and the Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus and Opposition to Petitioners' Motion for a Temporary Restraining Order and Preliminary Injunction and accompanying memorandum and supporting exhibits (ECF 24), and having held a hearing on May 6, 2020, Petitioners' Motion for Temporary Restraining Order and Request for Emergency Order of Enlargement is granted in part as follows:

1

**I.      As to the Subclass of Medically Vulnerable Prisoners:**

(1)     The following Subclass of "medically vulnerable" prisoners is certified for purposes of this order:

> All individuals in custody at FCI Danbury, while the threat of COVID-19 at the facility remains, who are aged 65 or over and/or who have any of the following conditions specifically identified by the United States Centers for Disease Control as putting them at higher risk for severe illness from COVID-19: (a) chronic lung disease including moderate to severe asthma, COPD, emphysema, chronic bronchitis, idiopathic pulmonary fibrosis and/or cystic fibrosis; (b) immunocompromised status, including status as a transplant recipient, on chemotherapy, HIV positive, prolonged use of corticosteroids, using immunosuppressive medication, and/or having an immune deficiency; (c) severe obesity (BMI of 40 or higher); (d) diabetes mellitus Type I or Type II, (e) gestational diabetes mellitus; (f) chronic kidney disease on dialysis; (g) chronic liver diseases, cirrhosis; and/or serious heart conditions, including congestive heart failure, coronary artery disease, congenital heart disease, cardiomyopathy, and/or pulmonary hypertension.

(2) Respondents shall identify by no later than May 12, 2020 a list of all members of the Subclass, and shall file that list with the Court by such date, along with a declaration setting forth the process used for identification of the Subclass, including a description of the databases searched. The parties shall meet and confer as needed and file with the Court any disputes regarding proper membership in the Subclass.

(3) All members of the Subclass shall be transferred from FCI Danbury to home confinement no later than May 19, 2020 unless a Subclass member presents a serious danger to the safety of the community or has no suitable home confinement location.

(4) In determining whether a Subclass member cannot be transferred from FCI Danbury to home confinement because such Subclass member presents a serious danger to the safety of the community, Respondents shall consider only the following factors:

    a.    The seriousness of the Subclass member's violent prior criminal history;

      b.  The seriousness of the Subclass member's violent disciplinary history within the last two years.

(5) By no later than May 15, 2020, Respondents shall provide Petitioners' counsel and file with the Court a list of any members of the Subclass that Respondents object to transferring to home confinement pursuant to paragraph 3 and shall specify the reasons for each objection.

(6) By no later than May 17, 2020, Petitioners shall file with the Court responses to Respondents' objections.

(7) By no later than May 19, 2020, the parties shall meet and confer to try to resolve any disputes and shall provide to the Court a list of those Subclass members as to whom there is no agreement regarding transfer to home confinement.

(8) The Court shall, with input from the parties, establish a process for resolving any disputes.

**II.    As to the Class of Prisoners at Danbury:**

(9) The following Class is certified for purposes of this order: All prisoners at FCI Danbury who are not part of the medically vulnerable Subclass.

(10) By no later than May 24, 2020, Respondents shall identify and file with the Court a list of all prisoners at FCI Danbury who are suitable for home confinement. Respondents shall make this determination based on the criteria contained in Attorney General Barr's April 3 Memorandum for the Director of Bureau of Prisons. The percentage of the sentence served by the prisoner and the length of time remaining on the prisoner's sentence shall not be factors considered in the determination as to suitability for home confinement.

(11) By no later than June 8, 2020, Respondents shall transfer to home confinement all those prisoners at FCI Danbury identified as suitable for home confinement.

**III.     As to all Petitioners:**

(12) Respondents shall provide within 24 hours of this Order a description of the medical staffing coverage for prisoners at FCI Danbury including (a) the number of medical staff working at FCI Danbury; (b) the degrees or certificates held by each staff member; (c) the role that each staff member is playing in caring for prisoners at FCI Danbury; (d) the staffing coverage schedule for medical staff at FCI Danbury for each of the previous three weeks; (e) the staffing coverage schedule planned for the next week; (f) the protocol for monitoring those who have tested positive for COVID-19 and/or who are exhibiting symptoms of COVID-19; and (g) the protocol used for determining when a prisoner needs to go to the hospital.

(13) Respondents shall provide within 24 hours of this Order the following information about each prisoner tested for COVID-19 at FCI Danbury (listing prisoners by unique identifiers but not names): (a) the number of tests performed on the prisoner; (b) the date each test was performed; (c) the type of test used (i.e., Abbot "ID NOW" machine versus PCR); (d) the results of each test; (e) the facility and unit where the prisoner tested was housed at the time of the test; and (g) for those who have tested positive, the current specific location of the prisoner including whether the prisoner remains in isolation.

(14) Respondents shall provide within 24 hours of this Order the following information about COVID-19 testing of staff employed at FCI Danbury: (a) the protocol for testing staff who have been exposed to COVID-19 and/or are exhibiting symptoms of COVID-19; (b) the number of staff members who have been tested for COVID-19; and (c) the availability of COVID-19 testing for staff at FCI Danbury.

(15) Respondents shall permit Petitioners' expert to inspect FCI Danbury during the week of May 11, 2020 or as soon thereafter as is practicable.

(16) The Court shall hold a hearing on Plaintiff's motion for preliminary injunction on

_____.


Dated at _____, Connecticut, this __ day of May, 2020.

_____

Michael P. Shea
United States District Judge