UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIANTHE MARTINEZ-BROOKS, REJEANNE COLLIER, JACKIE MADORE and KENNETH CASSIDY, Individually, and on behalf of all others similarly situated, | : : : : : : | |
| Petitioners, | : : | |
| v. | : : | Civ. No. 3:20-cv-00569-MPS |
| D. EASTER, Warden of Federal Correctional Institute at Danbury, and MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons, in their official Capacities | : : : : : : | |
| Respondents. | : | May 14, 2020 |

**PROPOSED JOINT CIVIL CASE EXPEDITED DISCOVERY PLAN
AND REQUEST FOR MODIFICATION OF PARAGRAPHS 1b & 1f
OF THE MAY 12, 2020 TEMPORARY RESTRAINING ORDER**

The parties' counsel, having met and conferred in good faith pursuant to the Court's May 12, 2020 Temporary Restraining Order, respectfully submit this joint proposed plan for expedited discovery. Outstanding issues are noted herein.

Petitioners further request modification of paragraphs 1(b) & (f) of the Court's May 12, 2020 Temporary Restraining Order (which direct that the list of medically-vulnerable inmates to be provided by respondents not include information about the specific medical condition suffered by each inmate (para. 1b); and be treated as "Confidential – Attorneys' Eyes Only" pursuant to the Protective Order (ECF No. 9) entered in this action (para. 1f). Respondents note their objections to the modification herein.

1

## I. **DISCOVERY PLAN**

1. Interrogatories shall be served no later than May 18, 2020 and answers thereto shall be served no later than May 25, 2020, subject to objections and on a rolling basis. Any objections to any interrogatories shall be served by May 22, 2020. Although the parties have not agreed on a specific number, petitioners have represented to the respondents that the overall number of these requests would be reasonable. The parties believe that they will be able to work together on this issue but may require Court intervention.

2. Requests for the production of documents shall be served no later than May 18, 2020, and responses and objections thereto shall be served no later than May 22, 2020. Production of documents shall commence by May 25, 2020, subject to objections and on a rolling basis. Although the parties have not agreed on a specific number, petitioners have represented to the respondents that the overall number of these requests would be reasonable. The parties believe that they will be able to work together on this issue but may require Court intervention.

3. Requests for admission shall be served no later than May 18, 2020 and answers thereto shall be served no later than May 25, 2020, subject to objections and on a rolling basis. Any objections to any requests for admission shall be served by May 22, 2020. Although the parties have not agreed on a specific number, petitioners have represented to the respondents that the overall number of these requests would be reasonable. The parties believe that they will be able to work together on this issue but may require Court intervention.

4. Deposition notices shall be served no later than May 26, 2020. The parties are still discussing the scope and number of fact witness depositions. Although the parties have not yet reached an agreement as to the scope, the parties are attempting to resolve this issue without Court intervention. Should the parties be unable to resolve this issue, they will seek help from the Court.

5. Inspection of FCI Danbury will take place on May 27, 2020, conducted by the petitioners' expert, Dr. Homer Venters, and respondents' expert. The parties will work to reach an agreement regarding the parameters of the inspection and will return to the court if an agreement cannot be reached. Due to operation concerns, Respondents will request that only one attorney per side accompany the experts during the inspection. Petitioners have not agreed to this request, but will discuss it as part of working out the overall details of the inspection.

6. Fact depositions shall be completed by June 2, 2020.

7. Expert reports shall be served no later than June 6, 2020.

8. Expert depositions shall be conducted on June 8, 2020.

9. All discovery for the preliminary injunction hearing will be completed by June 9, 2020.

## II. MODIFICATION OF TRO PARAS. 1b & f

Petitioners request that the Court modify paragraphs 1b and 1f of the May 12, 2020 Temporary Restraining Order to specify (1) in para. 1b, that the list of medically-vulnerable inmates to be provided by Respondents set forth the ICD codes for the medical conditions suffered by each inmate on the list; and (2) in para. 1f, (a) that petitioners' counsel may discuss with each specific inmate on the list (and the inmate's non-inmate designees) the medical conditions specified for the inmate; and (b) that a modified version of the list, excluding information about each listed inmate's medical conditions be filed publicly.

Petitioners request these modifications so that the Court and counsel will be apprised of the listed inmates' specified medical conditions and to enable petitioners' counsel to have full communications with each inmate on the list (and their designated family members, attorneys and medical experts) about the inmates' medical conditions. Petitioners request that a modified version of the list, excluding medical conditions, be made public. Petitioners are already fielding scores of calls and emails from prisoners and their family members (and at times attorneys). Petitioners need to be able to be able to indicate to these people whether a particular inmate has been placed on this list. Petitioners note that a similar list (excluding medical conditions) was ordered to be made public in *Wilson v. Williams*, No. 4:20-CV-00794 (N.D. Ohio). *See* Exhibit A.

Respondents believe that the Court's order in docket #30, pg. 70, accurately sets forth the requirements of the list: "The list referred to in paragraph 1 shall include the identity of the inmate, the inmate's sentencing court, and the case number of the inmate's underlying criminal conviction *but shall not include* information about the specific medical

condition suffered by each inmate." (Emphasis added). There is no specific need for class counsel to know the individual medical diagnoses of individuals that had no input regarding the release of their protected medical information, nor an opportunity to object thereto. Mere inclusion on the list indicates that the individual suffers a clinically relevant medical condition.

Respondents understand, however, that a modification of the order allowing Petitioners' counsel to speak to other attorneys, agents, and/or family members may be in order. Respondents object to sharing the list outside of the litigation team, *e.g.*, to family members.

Based on the Court's resolution of this issue, the parties will, if necessary, submit a proposed protective order to address these concerns.

Dated May 14, 2020                                  Respectfully Submitted,

                                                    Petitioners
                                                    By Their Attorneys

                                                    /s/ David S. Golub_____
                                                    David S. Golub, ct00145
                                                    Jonathan M. Levine, ct 07584
                                                    Silver Golub & Teitell LLP
                                                    184 Atlantic Street
                                                    Stamford, CT 06901
                                                    Telephone: (203) 325-4491
                                                    Email: dgolub@sgtlaw.com
                                                    jlevine@sgtlaw.com

                                                    Sarah French Russell, ct26604
                                                    Tessa Bialek ct30582
                                                    Legal Clinic, Quinnipiac University School of Law
                                                    275 Mt. Carmel Avenue
                                                    Hamden, CT 06518
                                                    Telephone: (203) 582-5258
                                                    Email: sarah.russell@quinnipiac.edu
                                                    tessa.bialek@quinnipiac.edu

                                                    Marisol Orihuela, ct30543
                                                    Jerome N. Frank Legal Services Organization

4

P.O. Box 209090
New Haven, CT 06520
Telephone: (203) 432-4800
Email: marisol.orihuela@ylsclinics.org

Alexandra Harrington*
127 Wall Street
New Haven, CT 06511
Telephone: 203-436-3532
alexandra.harrington@yale.edu

*Counsel for the Petitioners Dianthe Martinez-Brooks, Rejeanne Collier, Jackie Madore, and Kenneth Cassidy*

*Application for Admission Pending


Respondents
By Their Attorneys
John H. Durham
United States Attorney


_____

John B. Hughes, ct05289
Michelle L. McConaghy, ct27157
David C. Nelson, ct25640
Nathaniel M. Putnam, phv10463
Jillian R. Orticelli, ct28591
Assistant U.S. Attorneys
Telephone:  203-821-3700
john.hughes@usdoj.gov
michelle.mcconaghy@usdoj.gov
david.c.nelson@usdoj.gov
nathaniel.putnam@usdoj.gov
jillian.orticelli@usdoj.gov