# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIANTHE MARTINEZ-BROOKS, | : | |
| REJEANNE COLLIER, JACKIE | : | |
| MADORE and KENNETH CASSIDY, | : | |
| Individually, and on behalf of all others | : | |
| similarly situated, | : | |
| | : | |
| *Petitioners*, | : | |
| | : | |
| v. | : | Civ. No. 3:20-cv-00569-MPS |
| | : | |
| D. EASTER, Warden of Federal | : | |
| Correctional Institute at Danbury, and | : | |
| MICHAEL CARVAJAL, Director of the | : | |
| Federal Bureau of Prisons, in their official | : | |
| Capacities | : | |
| | : | |
| *Respondents*. | : | |

## PROTECTIVE ORDER

This case is brought by Petitioners, Dianthe Martinez-Brooks, Rejeanne Collier, Jackie Madore, and Kenneth Cassidy, against Respondents, D. Easter, Warden of Federal Correctional Institution at Danbury and Michael Carvajal, Director of the Federal Bureau of Prisons ("BOP") challenging conditions of their confinement and the alleged effects on their health. In accordance with this Court's order, the parties state that the Respondents anticipate producing to Petitioners' counsel a list of inmates at FCI Danbury who have been diagnosed as having medical conditions identified by the CDC as risk factors in relation to COVID-19. The disclosure of this information to Petitioners' counsel could infringe upon privacy and security interests of non-parties and provisional class members and is otherwise deserving of protection from public disclosure. In order to facilitate the parties' access and use of such information for purposes of this litigation and pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is hereby **ORDERED**:

1.      Counsel for the BOP is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release information otherwise protected by the Privacy Act, 5 U.S.C. § 552a, provided that the release of such information is reasonably related to the conduct of this litigation. Without limiting the generality of the foregoing, counsel for the BOP may release to counsel for Petitioners information that would be covered by the Privacy Act, whether such release is pursuant to discovery or otherwise, for use in this litigation.

2.      Counsel for any party to this litigation may initially designate as "PROTECTED" hereunder any information exchanged or used in this case if counsel deems, in good faith, that release of such information could constitute an unreasonable invasion of privacy or security interests. A party designating information as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such information in fact deserves protection.

3.      In designating information as protected, the party so designating it shall identify the protected information with specificity in writing. Without limiting the generality of the foregoing, printing the word "PROTECTED" at the top of a document shall be sufficient to designate that document as protected under this order.

(a)      Any party's counsel may, at any time, object to the designation of information as protected. In the event of any such objection, the designating party and the objecting party shall confer as promptly as practicable to attempt to resolve the objection.

(b)      Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as protected.

4.      Protected information provided through discovery and otherwise during the course of this litigation shall be handled and disclosed by the parties only as follows:

(a)      Protected information may be used only for purposes of this litigation, except as otherwise provided herein, and shall not be given, shown, or made available to anyone, other than: (i) counsel for the Petitioners, such counsel's firm and its employees; outside consultants and experts retained by Petitioners' counsel to assist such counsel for purposes of this litigation; (ii) counsel for the Respondents and other employees of the United States who have a need to know the protected information for the defense or prosecution of this case and outside consultants and experts retained by the Respondents for purposes of this litigation; (iii) deposition witnesses and potential witnesses at trial in this case to whom disclosure is reasonably necessary to pursue the claims and defenses in this case; (iv) the person whose privacy interests are meant to be protected with respect to any particular document (e.g., the employee who is the subject of an agency personnel file may be shown documents from his/her personnel file); (v) court reporters who record and/or transcribe proceedings in this case; and (vi) the Court and its Clerk and other court personnel.

(b)      Protected information may be used only for purposes of this litigation, except as otherwise provided herein, and may be discussed with: (i) counsel for the Petitioners, such counsel's firm and its employees; outside consultants and experts retained by Petitioners' counsel to assist such counsel for purposes of this litigation; (ii) family members or other representatives of a specific person whose privacy interests are implicated, but only to the extent the protected information discussed relates to that specific person; (iii) counsel for the Respondents and other employees of the United States who have a need to know the protected information for the defense or prosecution of this case and outside consultants and experts retained by the

3

Respondents for purposes of this litigation; (iv) deposition witnesses and potential witnesses at trial in this case to whom disclosure is reasonably necessary to pursue the claims and defenses in this case; (v) the person whose privacy interests are implicated, but only to the extent the protected information discussed relates to that specific person; (vi) court reporters who record and/or transcribe proceedings in this case; and (vii) the Court and its Clerk and other court personnel.

(c)     It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants and experts, representatives or family members to whom they disclose or discuss protected information and to ensure that all such persons comply with the terms of this order.

(d)     The filing of materials containing protected information shall conform to Federal Rule of Civil Procedure 5.2, Local Civil Rule 5.4(f), and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

(e)     All copies made of any material containing protected information shall be clearly labeled as such and shall be returned to the party who originally produced the information or destroyed at the conclusion of this litigation (including any and all appeals). Legal memoranda and briefs containing protected information and any work product materials containing protected information may be retained if such documents shall be kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this order.

(f)     If any counsel finds it necessary to refer to protected information in any oral proceedings before the Court, including oral argument, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever

mechanism(s) may be available and appropriate to prevent disclosure of protected information as a consequence of such oral proceedings to persons other than those authorized by this order.

5.      Petitioner's counsel shall be authorized to disclose to an inmate or an inmate's representative that the inmate's name is not on the list provided by Respondents pursuant to paragraph 1 of the May 12, 2020 Temporary Restraining Order.

6.      Counsel shall promptly report any breach of the provisions of this order to counsel for the party who produced the protected information that was improperly divulged or compromised. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this order. Counsel shall also cooperate fully in any investigation of such breach conducted by the Court. Nothing contained in this order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

7.      By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity. A party shall promptly return to the producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action.

8.      The parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Order, and nothing contained herein shall be construed as precluding plaintiffs or defendants from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

9.      Receipt of confidential information shall not confer any property rights in the ownership or use of such information beyond use necessary for this litigation, uses expressly permitted in this order, or rights which a person may otherwise have. Confidential Information shall at all times remain the property of the Producing Party. Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Within thirty days after dismissal or entry of final judgment not subject to further appeal, and except as otherwise prohibited by federal law or, if applicable and not in conflict with federal law, Connecticut law, all Confidential Information and copies thereof shall be destroyed, or returned to counsel of record for the Producing Party, except as otherwise agreed by the Producing Party, and with the exception of documents filed with the Court, including those filed under seal. To the extent all Confidential Information has been redacted from a document, this paragraph does not apply to the redacted document. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, but it shall continue to be subject to this Order. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return or, after notice, destroy documents filed under seal or offered at trial.

10.     Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

11.     This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

12.     Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

6

13.     This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

14.     Nothing in this Order should be read to alter the requirement in Paragraph 1 of the Temporary Restraining Order, *see* ECF No. 30 at 69, that the list of medically vulnerable inmates be filed under seal.

It is so **ORDERED**.


Dated: May 15, 2020                                    _____/s/_____

                                                                    The Honorable Michael P Shea
                                                                    United States District Judge