UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANTHE MARTINEZ-BROOKS, REJEANNE COLLIER, JACKIE MADORE, and KENNETH CASSIDY, individually and on behalf of all others similarly situated,<br>    Petitioners,<br><br>                      v.<br><br>D. EASTER, Warden of Federal Correctional Institution at Danbury, and MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons, in their official capacities,<br>    Respondents. | No. 3:20-cv-00569 (MPS)<br><br><br><br>**DECLARATION OF<br>DIANE EASTER, WARDEN** |

I, DIANE EASTER, hereby make the following declaration:

1. I am currently employed by the Federal Bureau of Prisons ("BOP") of the United States Department of Justice, as Warden of the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). I assumed this position in February 2020. I have previously filed a declaration in the above-captioned matter which can be seen at **ECF No. 24-2**.

2. I understand the Court's order issued on May 12, 2020, directs FCI Danbury to "[f]inalize and implement a process whereby each inmate described in paragraph 1(or, if that is not administratively feasible, each inmate) who makes a written request for compassionate release based on COVID-19 receives notice of either the referral of their request, with a recommendation of approval, or its denial, with the appropriate appeal form, within 7 days of the date the request is received by a member of the Danbury FCI staff." **ECF No. 30** at 72.

3. In response to this order, staff will continue to use Program Statement 5050.50 <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C.§§ 3582 and 4205(g)</u>, to review inmates for compassionate release consideration. Also in response to this order, staff will be directed to issue an approval or denial of any request for compassionate release based solely on COVID-19 within 7 days of the date the request is received by a member of FCI Danbury's staff. Requests based on other circumstances (such as elderly inmates, or death or incapacitation of the family member caregiver) will continue to be reviewed within those timelines set forth by policy and statute.

4. I also understand the Court's order issued on May 12, 2020, directs the government to explain whether and how the criteria in the BOP Program Statement 5050.50 has been updated to take account of the COVID-19 crisis. My review of the current Program Statement shows that it was implemented on January 17, 2019, which date predates the COVID-19 crisis by approximately one year.

5. This order also requests the government to …"show[] cause why the Court should not require the Warden to promulgate revised compassionate release criteria for use at FCI Danbury that take full and appropriate account of the threat posed by COVID-19 to medically vulnerable inmates." The reason such order from the court would be inappropriate is because the authority to issue and approve changes to Program Statements resides in the BOP's Central

Office in Washington, D.C., where the BOP's Office of National Policy Review ("NPR") is specifically tasked with formulating, reviewing, approving, and publishing these policies. See Program Statement 1221.66 <u>Directives Management Manual</u>, available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=1000#. Further, only the Director (or acting Director) of the BOP can approve a Program Statement or Change Notice. <u>Id</u>. A Warden of a BOP correctional facility simply does not have the authority to promulgate revised compassionate release criteria to be included in Program Statement 5050.50.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this ____ day of May, 2020.

_____
Diane Easter
Warden
FCI Danbury, CT