## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANTHE MARTINEZ-BROOKS, REJEANNE COLLIER, JACKIE MADORE and KENNETH CASSIDY, Individually, and on behalf of all others similarly situated, : : : : : : | |
| Petitioners, : | |
| v. : | No. 3:20-cv-569 (MPS) |
| D. EASTER, Warden of Federal Correctional Institution at Danbury : : | |
| Respondent. : | May 27, 2020 |

## JOINT STATUS REPORT

Petitioners and Respondent, through their respective counsel, submit the following Joint Status Report in advance of the status conference scheduled with the Court on May 28, 2020.

The parties have agreed that Respondent will proceed with a search of the Bureau Electronic Medical Record for additional ICD-9 and ICD-10 codes identified by Petitioner. Such search shall not include a search of medications.

In advance of the search the parties will agree on a subset of those ICD-9 and ICD-10 codes which definitively identify conditions which place an individual at higher risk from COVID-19 per CDC guidelines such that the presence of those agreed upon diagnostic codes in a prisoner's BOP medical record will automatically qualify that prisoner for inclusion in the medically vulnerable subclass as defined in paragraph 1 of the TRO. With respect to individuals whose BOP medical records include only those additional codes which are not agreed as definitively diagnostic of a condition which places an individual at higher risk from COVID-19, the parties have not reached agreement but will continue to confer about how to determine

whether that individual has a condition which places him or her at higher risk from COVID-19.

Petitioners further propose that all prisoners at FCI Danbury be provided with notice of the pendency of this action and their potential eligibility for inclusion in the subclass of medically vulnerable individuals and will establish a mechanism to permit prisoners to forward HIPAA-compliant medical record releases to petitioners' counsel. Petitioners further propose that Respondent forward copies of prisoner medical records to Petitioners' counsel within 48 hours of receipt of such executed releases. Respondent's counsel is currently consulting with the BOP concerning its position on this proposal and disagrees with it at this time.

The parties are not currently in agreement concerning the need to establish any process to resolve disputes between the parties concerning whether an individual's medical condition puts such individual at higher risk from COVID-19. Petitioners believe that such disputes will arise based on differing medical interpretations of the relevant facts and believe it is necessary to create an appropriate process for adjudicating the eligibility of individual prisoners for inclusion in the medically vulnerable subclass. Respondent believes that its determination of an individual's medical vulnerability based on the BOP medical record can be controlling without the need for the adjudicative process Petitioners envision.

The parties do not agree on whether a person with medical expertise should be involved in the home confinement review process. Petitioners believe that in order for the home confinement review process set forth in paragraph 2a of the TRO to give substantial weight to the inmate's risk factors for COVID -19 in determining the inmate's suitability for home confinement, someone with medical background is required to participate in the review in order to elucidate the inmate's medical vulnerability. Respondents do not agree that the involvement of medical personnel in the home confinement review process is necessary.

| PETITIONERS, | RESPONDENT, |
|---|---|
| BY:____/s/_Jonathan M. Levine____<br>David S. Golub, ct00145<br>Jonathan M. Levine, ct 07584<br>Silver, Golub & Teitell LLP<br>184 Atlantic Street<br>Stamford, CT 06901<br>Phone: (203) 325-4491<br>Email: dgolub@sgtlaw.com<br>jlevine@sgtlaw.com<br><br>Sarah French Russell, ct26604<br>Tessa Bialek ct30582<br>Legal Clinic, Quinnipiac University<br>   School of Law<br>275 Mt. Carmel Avenue<br>Hamden, CT 06518<br>Phone: (203) 582-5258<br>Email: sarah.russell@quinnipiac.edu<br>tessa.bialek@quinnpiac.edu<br><br>Marisol Orihuela, ct30543<br>Jerome N. Frank Legal Services Organization<br>P.O. Box 209090<br>New Haven, CT 06520<br>Phone: (203) 432-4800<br>Email: marisol.orihuela@ylsclinics.org<br><br>Alexandra Harrington*<br>127 Wall Street<br>New Haven, CT 06511<br>Phone: 203-436-3532<br>Email: Alexandra.harrington@yale.edu<br>*Application for Admission Pending | BY: __/s/ John B. Hughes_____<br>John H. Durham<br>United States Attorney<br>John B. Hughes, ct05289<br>Michelle L. McConaghy, ct27157<br>David C. Nelson ct25640<br>Jillian R. Orticelli, ct28591<br>Nathaniel M. Putnam, phv10463<br>Assistant U.S. Attorneys<br>Tel. 203-821-3700<br>John.Hughes@usdoj.gov<br>Michelle.McConaghy@usdoj.gov<br>David.C.Nelson@usdoj.gov<br>Jillian.Orticelli@usdoj.gov<br>Nathaniel.Putnam@usdoj.gov |