UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANTHE MARTINEZ-BROOKS, REJEANNE COLLIER, JACKIE MADORE and KENNETH CASSIDY, Individually, and on behalf of all others similarly situated, : : : : : : | |
| Petitioners, : : | |
| v. : : | No. 3:20-cv-569 (MPS) |
| D. EASTER, Warden of Federal Correctional Institution at Danbury, and MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons, in their official Capacities : : : : : : : | June 2, 2020 |
| Respondents. : | |

**JOINT STATUS REPORT**

On May 28, 2020, the Court held a status conference and thereafter ordered the parties to meet and confer on a number of issues pertaining to identification of members of the medically vulnerable subclass and review of these individuals for home confinement. Specifically, the parties were ordered to meet and confer on: (1) the role that a medical clinician will play in the home confinement review process as a whole, including whether he or she will generate specific, written assessments as to the severity of each inmate's risk factors and how the Respondent will weigh and incorporate any such assessments in the home confinement review process as a whole, (2) particular ICD codes that, if present in an inmate's medical record, will automatically qualify that inmate for inclusion in the above-mentioned medically vulnerable subclass, and (3) a means of identifying inmates who should be included in the subclass but are not captured by the agreed-upon ICD codes. *See*

1

ECF 68 at 1-2. Having done so, the parties hereby detail below the issues on which they have reached agreement and those will require assistance from the Court.

Respondent filed a statement on June 1, 2020 describing the process the parties have agreed upon to provide notice to potential subclass members and to enable the production of medical records to Petitioners. The notice is being provided on June 3, 2020 and the signed releases will be picked up by Petitioners from the facility on June 5, 2020.

*(1)    Role of Medical Clinician*

Petitioners' Position

Petitioners' position is that the medical clinician should review all relevant medical information, including but not limited to the BEMR database, to assess an subclass members' risk factors, and the medical clinician should issue a statement of reasons as to the severity of each COVID-19 risk factor as well as the risk of serious illness or death resulting from a COVID-19 infection based on the totality of the medical information available. If medical records have been provided to BOP by an inmate, an inmate's attorney, or Petitioners' counsel in discovery, those records must be made available to the medical clinician for consideration. The medical clinician must complete for each inmate a written assessment that describes all of the medical conditions that the clinician reviewed, an assessment of severity of each risk factor, and the risk of serious illness or death resulting from a COVID-19 infection for that inmate.

Petitioner's position is that, in order to comply with the TRO order, Respondent is required to give substantial weight to COVID-19 risk faced by each inmate. For that reason, in those instances in which Respondent intends to oppose transfer to the community, Respondent shall provide a written description as to why the COVID-19 risk factors are

outweighed by the risk of danger to the community.

      Respondent's Position

As represented to the Court by the Respondent, a Regional Physician for the BOP will review the medical records contained in BEMR for the remaining inmates from the list of 313 and provide a brief statement as to the severity of the medical condition(s) of these inmates. Once this review has been conducted, the Inmate Review Worksheets for the inmates who have been identified by this clinician as having a severe medical condition related to COVID will be forwarded to the Committee at BOP's Central Office so that the inmate can be re-reviewed for home confinement. As this review process has already begun to ensure compliance with the Court's June 9, 2020, deadline, and since the clinician does not have access to documents or medical records that are not already contained in BEMR, Respondent objects to reviewing additional documents or outside medical records. Additionally, the Respondent respectfully submits that she cannot be found to have been deliberately indifferent based on information not contained in the BOP's medical records system for home confinement reviews which occurred prior to this litigation and the review process ordered by the Court. To ensure that all medically vulnerable inmates at FCI Danbury are identified, using the most current medical information available which would be the BOP's medical records, the BOP has agreed to a notice of lawsuit publication to all inmates at Danbury who wish to have the last two-years of their medical records submitted to Petitioners' counsel. This process includes publication of the notice by June 3, 2020 and submission of completed Privacy Act release forms by the inmates to lock boxes provided by Petitioners by June 5, 2020. Petitioners' counsel will retrieve these release forms by June 5, 2020. Once Petitioners' counsel submit the release forms to the United States Attorney's

Office, the BOP FOIA Privacy Staff will process these record requests as a priority and email the records directly to Petitioners' counsel.

    *(2)    ICD Code Search*

Petitioners' Position

Petitioner does not object to Respondent's proposal, provided that the Court implement a process for determining members of the subclass if Respondent takes the position that any of the individuals identified through the ICD code searches are not members of the subclass.

Respondent's Position

The Respondent conducted a second search using ICD 9 and 10 codes provided by Petitioner. The results of this search will be provided to Petitioners' counsel by June 3, 2020. Although the ICD codes searched generated results which include non-COVID risk factors, Respondent will review these inmates for home confinement pursuant to the Court's order. During the review process, the clinician will analyze whether these medical conditions are, in fact, COVID risk factors, and Respondent will utilize this analysis when reviewing the inmate for home confinement.

    *(3)    Means of Identifying Subclass Members Not Captured by ICD Search*

Petitioners' Position

On May 25, 2020, Petitioners submitted to Respondent's counsel a list of individuals who Petitioners believe should properly be included in the medically vulnerable subclass but who were not captured by Respondent's initial ICD code search. Petitioners have requested that Respondent advise as to their position on the inclusion of each of these individuals by June 6, 2020. Petitioners anticipate that they will identify additional individuals who are

potentially appropriate for inclusion in the medically vulnerable subclass as a result of both (a) the supplemental ICD code search which Respondent has now agreed to undertake as well as by (b) review of medical records disclosed as a result of medical records obtained either as a result of the notice process or otherwise (such as directly from the prisoner or his/her family or attorney).  To the extent that Respondent contests the inclusion of any of these later identified individuals in the medically vulnerable subclass, it is Petitioners' position that any such disputes should be resolved by a neutral decisionmaker, whether it be this Court, a magistrate judge, or a special master, who should determine whether such individual is part of the medically vulnerable subclass based on the information provided by both parties.

Dated June 2, 2020                              Respectfully Submitted,


                                                _____/s/_____
                                                David S. Golub, ct00145
                                                Jonathan M. Levine, ct 07584
                                                Silver Golub & Teitell LLP
                                                184 Atlantic Street
                                                Stamford, CT 06901
                                                Telephone: (203) 325-4491
                                                Email: dgolub@sgtlaw.com
                                                jlevine@sgtlaw.com

                                                Sarah French Russell, ct26604
                                                Tessa Bialek ct30582
                                                Legal Clinic, Quinnipiac University School of Law
                                                275 Mt. Carmel Avenue
                                                Hamden, CT 06518
                                                Telephone: (203) 582-5258
                                                Email: sarah.russell@quinnipiac.edu
                                                tessa.bialek@quinnipiac.edu

                                                Marisol Orihuela, ct30543

Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
Telephone: (203) 432-4800
Email: marisol.orihuela@ylsclinics.org

Alexandra Harrington
127 Wall Street
New Haven, CT 06511
Telephone: 203-436-3532
alexandra.harrington@yale.edu

*Counsel for the Petitioners Dianthe Martinez-Brooks, Rejeanne Collier, Jackie Madore, and Kenneth Cassidy*

Respondents,
By Their Attorneys:

John H. Durham
United States Attorney


_____/s/_____
John B. Hughes, ct05289
Michelle L. McConaghy, ct27157
David C. Nelson, ct25640
Jillian R. Orticelli, ct28591
Nathaniel M. Putnam, phv10463
Assistant United States Attorneys
Tel. 203-821-3700
John.Hughes@usdoj.gov
Michelle.Mcconaghy@usdoj.gov
David.C.Nelson@usdoj.gov
Jillian.Orticelli@usdoj.gov
Nathaniel.Putnam@usdoj.gov