# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIANTHE MARTINEZ-BROOKS, REJEANNE COLLIER, JACKIE MADORE and KENNETH CASSIDY, Individually, and on behalf of all others similarly situated, | : : : : : : | |
| Petitioners, | : : | |
| v. | : : | Civ. No. 3:20-cv-00569-MPS |
| D. EASTER, Warden of Federal Correctional Institution at Danbury, and MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons, in their official Capacities | : : : : : : | |
| Respondents. | : : | May 18, 2020 |

**PETITIONERS' FIRST REQUESTS FOR PRODUCTION TO RESPONDENT WARDEN DIANE EASTER**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Petitioners Dianthe Martinez-Brooks, Rejeanne Collier, Jackie Madore and Kenneth Cassidy ("Petitioners"), by and through their undersigned counsel, serve the following First Set of Requests for Production of Documents ("Requests") upon Respondent Diane Easter, sued in her official capacity as the Warden of the Federal Correctional Institution at Danbury, Connecticut ("FCI Danbury"). Respondent is required to serve any objections to these Requests on or before May 22, 2020 and produce all documents or other tangible things in response to these Requests on or before May 25, 2020 by electronic delivery to Jonathan Levine, Silver Golub & Teitell LLP, jlevine@sgtlaw.com.

1

**DEFINITIONS**

The uniform definitions for discovery requests set forth in Rule 26 of the Local Civil Rules of the United States District Court for the District of Connecticut, shall apply to these Requests.

1. "BOP" means the Federal Bureau of Prisons, including all of its officers, employees, agents, representatives and other persons acting on its behalf.

2. "FCI Danbury" refers to the Federal Correctional Institution on Route 37 in Danbury, Connecticut, including all of its officers, employees, agents, representatives and other persons acting on its behalf, and includes the male low security level correctional institution ("Main Complex"), female federal satellite low security level facility ("FSL"), and female minimum security level federal prison camp ("Camp").

3. "Prisoner" refers to any person who is currently, or has previously been, detained or incarcerated at FCI Danbury.

4. "Staff Member" refers to a person working within FCI Danbury, including but not limited to a federal employee or an outside contractor.

5. "COVID-19" refers to the disease COVID-19 as well as the virus SARS-CoV-2.

6. "Test for COVID-19" refers to a laboratory test for COVID-19 that makes use of respiratory specimens, saliva, blood, plasma, antibodies, or other tissue samples from a person. It does not refer to temperature checks or other non-laboratory measurements, or to self-reporting of symptoms that are indicative of possible COVID-19 infection.

7. "COVID-19 symptoms" means any symptoms of COVID-19 as defined by the Centers for Disease Control and Prevention ("CDC"), including but not limited to fever, chills, coughing, sore throat, loss of taste or sense of smell, headaches, and difficulty breathing.

8. "Vulnerable to COVID-19" means (A) people who are at higher risk for severe illness due to COVID-19, including people who are aged 65 or over and/or who have any of the following conditions specifically identified by the United States Centers for Disease Control as putting them at higher risk for severe illness from COVID-19: (i) chronic lung disease including moderate to severe asthma, COPD, emphysema, chronic bronchitis, idiopathic pulmonary fibrosis and/or cystic fibrosis; (ii) immunocompromised status, including status as a transplant recipient, on chemotherapy, HIV positive, prolonged use of corticosteroids, using immunosuppressive medication, and/or having an immune deficiency; (iii) severe obesity (BMI of 40 or higher); (iv) diabetes mellitus Type I or Type II, (v) gestational diabetes mellitus; (vi) chronic kidney disease on dialysis; (vii) chronic liver diseases, cirrhosis; and/or serious heart conditions, including congestive heart failure, coronary artery disease, congenital heart disease, cardiomyopathy, and/or pulmonary hypertension; or (B) any other people who were determined by FCI Danbury to be, or treated by the FCI Danbury as, vulnerable to COVID-19.

9. "PPE" refers to personal protective equipment, including but not limited to respirators, masks, gloves, face shields, and positive pressure suits.

**INSTRUCTIONS**

1. Each Request shall operate and be construed independently. No Request shall limit the scope of any other Request, unless otherwise specified.

2. Your response to each Request shall either produce all documents responsive to the Request or state that inspection, copying, and related activities will be permitted at the time and place designated, unless the Request is objected to, in which event the reasons for objection, including any claims of privilege, shall be stated in sufficient detail to permit Petitioners to evaluate the validity of the objection and privilege asserted.

3. Documents produced in response to these Requests shall be produced as they are kept in the usual course of business, or according to the particular document Request number, type, or category to which they are responsive.

4. Electronically stored information shall be produced in Native Format. If electronically stored information does not exist in its Native Format, it shall be produced as either a PDF or a TIFF file.

5. Each Request for production of documents extends to all documents in your possession, custody, or control or in the possession, custody, or control of anyone acting on your behalf. A document is in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (d) can, as a practical matter, use, inspect, examine or copy such document when you seek to do so.

5

      6.      If a document or thing is responsive to more than one Request, the document needs to be produced only once.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents concerning BOP's or FCI Danbury's policies, procedures, guidance, guidelines, directives, methods, flowcharts, rubrics, or practices related to COVID-19, including but not limited to screening, testing, social distancing, hygiene, sanitation, personal protective equipment, medical treatment, contact tracing, isolation, quarantine, and identification of staff members or prisoners who are vulnerable to COVID-19 or at elevated risk for COVID-19 by virtue of their age, medical histories, recent travel, recent exposure, or other factors. For any posters, bulletins, memoranda, training materials, or other documents that have been displayed or provided to prisoners or staff members with information concerning COVID-19, include records showing the date and means by which each such document was made available to prisoners or staff members.

2. All documents concerning COVID-19 testing of prisoners and staff members including requests for and receipt of tests, performance of tests, results of tests, and notification regarding test results since March 1, 2020.

3. All lists, logs, or other documents showing temperature readings of prisoners and staff members taken since March 1, 2020.

4. Documents sufficient to determine staffing from March 1, 2020 to the present including the number of staff members assigned to each facility (Main Complex, FSL, and Camp) on each date and requests by a staff member to take time off for COVID-19 related reasons.

5. Any documents concerning the identification by BOP or FCI Danbury since March 1, 2020 of prisoners who are or were vulnerable to COVID-19, including, all policies or

protocols governing such determinations, any lists of such prisoners, and any communication to such prisoner that he or she has or had been so identified.

6. All documents concerning the number of prisoners evaluated by medical staff in each of the facilities (Main Complex, FSL, and Camp) on each day since March 1, 2020 for COVID-19 symptoms including symptoms reported at each visit, diagnoses made, and any treatment provided.

7. All documents concerning sick call requests or other requests made by prisoners for medical care for COVID-19 symptoms since March 1, 2020, and FCI Danbury's responses to these requests, including but not limited to the date(s) of such responses, who examined the prisoner, what (if any) treatment was provided, and the date(s) the treatment was provided.

8. Documents sufficient to determine the number of requests submitted by medical staff for outside consultations or procedures for prisoners that are currently pending, including the date each request was submitted and whether the request was marked as "urgent" or "routine."

9. Documents sufficient to identify and determine all medical staff members' time and attendance at FCI Danbury on each date from March 1, 2020 to the present.

10. All documents concerning FCI Danbury's evaluation of prisoners potentially eligible for release under 18 U.S.C. § 3622, 18 U.S.C. § 3624, 18 U.S.C. § 3582, Attorney General William Barr's memoranda dated March 26, 2020 and April 3, 2020, and all other applicable legal authorities, including but not limited to all policies or protocols governing such determinations, any prisoner requests for such relief, which prisoners were evaluated for such relief, the information considered (including but not limited to medical assessments of the requesting prisoners) by FCI Danbury in connection with such evaluations, the results of such

7

evaluations, and communication with prisoners regarding the results. The documents requested include, but are not limited to, medical review forms, Coronavirus Aid, Relief, and Economic Security Act forms, or other evaluation forms used or prepared in connection with such evaluations.

11. Documents sufficient to show the size and physical layout of FCI Danbury, by building and room, since March 1, 2020 and all photographs or videos taken within FCI Danbury since March 1, 2020, for the purpose (in whole or in part) of documenting the appearance and/or conditions of the facility, its prisoners or its staff members, all as they relate to actions taken or not taken by the FCI Danbury in connection with COVID-19.

12. All documents concerning grievances or other complaints by prisoners or staff members since March 1, 2020 related to COVID-19, including but not limited to grievances or complaints concerning personal hygiene supplies, cleaning supplies, hygiene practices of staff remembers, cleanliness of the facility, personal protective equipment, crowding/space, isolation and quarantining practices, testing, responses to prisoner requests for medical treatment, and medical treatment of prisoners suffering from or exhibiting symptoms relating to COVID-19.

13. Documents sufficient to show how much PPE was received at FCI Danbury from February 1, 2020 through the present broken down by type of PPE, including purchasing orders for PPE.

14. Documents reflecting any communication from or to medical staff members at FCI Danbury concerning FCI Danbury's response to the COVID-19 pandemic including but not limited to communication concerning COVID-19 testing, staffing and equipment needs, and isolation and quarantine protocol.

15. Documents reflecting any communication between FCI Danbury staff members and any of the following: BOP, any member of the U.S. Congress, the U.S. Department of Health and Human Services, the Centers for Disease Control and Prevention, and any other federal agency; or any state and local public health authorities or other governmental entities, including but not limited to the Connecticut Department of Health and the City of Danbury Health Department, from February 1, 2020 to the present relating to FCI Danbury's response to the COVID-19 pandemic.

16. All logs, or other documents setting forth all cleaning and disinfection conducted at FCI Danbury since March 1, 2020.

17. All documents and communications relating or referring to any discipline or warnings, whether formal or informal, issued to staff members for their failure to comply with FCI Danbury's policies or protocols related to COVID-19.

18. Documents sufficient to identify any discipline or warnings, whether formal or informal, issued since March 1, 2020 to any prisoner at FCI Danbury who filed a grievance or made a complaint or protest, whether written or oral, concerning the lack of social distancing, the lack of PPE or sanitation supplies, or other failure of FCI Danbury to protect the facility from COVID.

19. All medical records for each of the named Petitioners.

20. To the extent not provided in response to any prior Request for Production, copies of any policies, procedures, guidance, guidelines, or protocols concerning:

    a. How staff members (whether medical or non-medical) should respond when a prisoner complains of COVID-19 symptoms;

b. The response when FCI Danbury learns that a staff member has been exposed or come into close contact with COVID-19, including any protocols governing notification and testing of the affected staff member;

c. Identification and confirmation of potential cases of COVID-19, including all protocols for when and how to conduct temperature checks, specification of temperature recording devices to be used, and what temperature FCI Danbury considers to be elevated or febrile;

d. Implementing social distancing among prisoners;

e. Monitoring of prisoners who have tested positive for COVID-19, including determining whether a prisoner with COVID-19 needs to go to the hospital, and determining whether and when a prisoner who had previously tested positive for COVID-19 is no longer infectious;

f. Cleaning and sanitizing areas known to have COVID-19 contamination, including the bedding and living area of prisoners who have tested positive for COVID-19;

g. Cleaning and disinfecting commonly touched areas, including computers, telephones, faucets, and bathrooms;

h. Distributing and storing PPE, including all policies for discarding and replacing damaged, unsanitary, worn out or lost PPE;

i. PPE or hygiene protocol for staff and prisoners who move between housing units and facilities.

j. Testing and quarantining new admissions.

Dated May 18, 2020  Respectfully Submitted,

Petitioners
By Their Attorneys

/s/  David S. Golub_____
David S. Golub, ct00145
Jonathan M. Levine, ct 07584
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06901
Telephone: (203) 325-4491
Email: dgolub@sgtlaw.com
jlevine@sgtlaw.com

Sarah French Russell, ct26604
Tessa Bialek ct30582
Legal Clinic, Quinnipiac University School of Law
275 Mt. Carmel Avenue
Hamden, CT 06518
Telephone: (203) 582-5258
Email: sarah.russell@quinnipiac.edu
tessa.bialek@quinnipiac.edu

Marisol Orihuela, ct30543
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
Telephone: (203) 432-4800
Email: marisol.orihuela@ylsclinics.org

Alexandra Harrington*
127 Wall Street
New Haven, CT 06511
Telephone: 203-436-3532
alexandra.harrington@yale.edu

*Counsel for the Petitioners Dianthe Martinez-Brooks, Rejeanne Collier, Jackie Madore, and Kenneth Cassidy*

*Application for Admission Pending

11

## CERTIFICATE OF SERVICE

I hereby certify pursuant to Federal R. Civ. P. 5(b) that on May 18, 2020, a copy of foregoing Petitioners' First Set of Requests for Production was served upon Respondents' counsel of record, by email.

>    */s/ Sarah F. Russell*
> Sarah F. Russell, ct26604
> Petitioners' Counsel