**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DIANTHE MARTINEZ-BROOKS, REJEANNE COLLIER, JACKIE MADORE, and KENNETH CASSIDY, individually and on behalf of all others similarly situated,<br>    Petitioners,<br><br>v.<br><br>D. EASTER, Warden of Federal Correctional Institution at Danbury, and MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons, in their official capacities,<br>    Respondents. | No. 3:20-cv-00569 (MPS)<br><br>**DECLARATION OF ASHLEY COCHO** |

I, ASHLEY COCHO, hereby make the following declaration:

1. I am currently employed by the Federal Bureau of Prisons (BOP) of the United States Department of Justice, as Case Management Coordinator at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). I have held this position since January 2020. I have been employed by BOP since October 2008.

2. The CMC's Office is dedicated to providing oversight of case management activities within the institution. This office works directly with the unit teams, providing training and disseminating information to insure that the institution is in compliance with Correctional Programs' policies and procedures. The CMC provides coordination and oversight of many programs within the institution, including, but not limited to, Central Inmate Monitoring, Financial Responsibility, Admission and Orientation, Inmate Performance Pay, Victim/Witness Program and Adam Walsh Act compliance. The CMC also oversees the Correctional Systems Department.

3. In response to litigation arising from the Federal Correctional Institution in Danbury, CT ("FCI Danbury"), I understand BOP has been directed to "…with respect to each medically vulnerable inmate who has been approved for community placement in an RRC and who does not have a violent offense of conviction, a sexually-related offense of conviction, or a "High" PATTERN score, the Warden shall either (a) release the inmate to home confinement or (b) demonstrate that public safety or medical considerations or the absence of any home in which to place the inmate would make it unsafe to move the inmate immediately to home confinement." **ECF No. 70** at 6.

4. In response to this court's order, and since the declaration submitted in this matter on June 4, 9 inmates from this list who had previously been designated to a Residential Reentry Center ("RRC", or "halfway house") have been redesignated to home confinement, effective on or before June 9, 2020. See **Exhibit A**.

Page 1 of 3

## INMATES NOT PLACED INTO HOME CONFINEMENT AS OF JUNE 9, 2020

5. As to any inmate not placed into home confinement, BOP has been ordered to"… demonstrate that public safety or medical considerations or the absence of any home in which to place the inmate would make it unsafe to move the inmate immediately to home confinement"

6. In addition to local review of an inmate's appropriateness for redesignation from a pending RRC placement to immediate release to home confinement by staff at FCI Danbury, each inmate on this list was referred for an "exception review" by the Home Confinement Committee located in the BOP's Central Office located in Washington D.C.

7. 6 of these inmates were not placed into home confinement due to having a sexually-related offense of conviction, which is consistent with this court "excluding from this order those inmates designated for RRC placement who are the most in need of close supervision to protect the public, *i.e.* those who are currently incarcerated for violent or sexually-related offenses and those who have PATTERN scores of 'High', which reportedly reflects a high likelihood of recidivism." See **Exhibit A**.

8. 2 of these inmates were not placed into home confinement due to having a violent offense of conviction, which is consistent with this court "excluding from this order those inmates designated for RRC placement who are the most in need of close supervision to protect the public, i.e. those who are currently incarcerated for violent or sexually-related offenses and those who have PATTERN scores of "High", which reportedly reflects a high likelihood of recidivism."  As per this court's order, "mere possession of a firearm or ammunition" was not a basis to consider an inmate to have committed a violent offense. See **Exhibit A**.

9. 2 of these inmates were not placed into home confinement due to having a PATTERN score of "High", which is consistent with this court "excluding from this order those inmates designated for RRC placement who are the most in need of close supervision to protect the public, i.e. those who are currently incarcerated for violent or sexually-related offenses and those who have PATTERN scores of "High", which reportedly reflects a high likelihood of recidivism."  See **Exhibit A.**

10. 3 of these inmates were not placed into home confinement due to the absence of a release residence. See **Exhibit A**.

11. 4 of these inmates were not placed into home confinement due to public safety considerations, with such determination having been made by staff at FCI Danbury and also the BOP's Home Confinement Review Committee located in BOP's Central Office in Washington, D.C..See **Exhibit A**.

12. 1 inmate has been denied home confinement due to the fact that their proposed residence is 214 miles from the RRC. Based on the terms of the contract BOP has with the private-contractor RRC, this residence is too far for the RRC to provide supervision in the community. Since the contractor cannot accommodate the requested supervision, BOP asked the U.S. Probation Office ("USPO") if they would supervise this inmate on home

confinement through their Federal Location Monitoring (FLM) program. BOP has a MOU with USPOS to utilize FLM.  In this MOU, it is very clear that USPO has the discretion to deny requests.  USPO exercised its discretion and denied the request based on their staff resources and the length of time this inmate has remaining to serve on her sentence.  Accordingly, BOP does not have the resources to accommodate this inmate on Home Confinement. See **Exhibit A**.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this   9th    day of June, 2020.

/s/
_____

Ashley Cocho
Case Management Coordinator
FCI Danbury, CT