## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIANTHE MARTINEZ-BROOKS, | : | |
| REJEANNE COLLIER, | : | |
| JACKIE MADORE; and | : | |
| KENNETH CASSIDY, individually, | : | |
| and on behalf of all others similarly situated, | : | |
| | : | |
| Petitioners, | : | |
| | : | |
| v. | : | Civ. No. 3:20 cv 569 (MPS) |
| | : | |
| DIANE EASTER, Warden of Federal | : | |
| Correctional Institution at Danbury | : | |
| in her official capacity | : | |
| | : | |
| Respondent. | : | JUNE 12, 2020 |

## PETITIONERS' MOTION FOR LEAVE
## TO ADD NAMED CLASS REPRESENTATIVES

Petitioners hereby move, pursuant to Fed. R. Civ. P. 21, for leave to add Amanda Cooper and James Whitted as additional plaintiffs and class representatives in this action and to file the Proposed Amendment to Petition for Writ of Habeas Corpus attached hereto. Petitioners submit the following memorandum in support of this Motion.

## MEMORANDUM OF LAW

### BACKGROUND

Petitioners have brought this action, pursuant to 28 U.S.C. § 2241, against the Warden of FCI Danbury, on behalf of the class of all prisoners held at FCI Danbury who are at imminent risk of contracting COVID-19, which feeds on the unsafe, congregate conditions in which they are held. Petitioners further seek to represent a subclass of prisoners who are particularly at risk because they have medical conditions identified by the United States Center for Disease Control which put them at heightened risk of serious illness or death if they contract the disease.

Petitioners allege that the fact of their confinement in light of the dangers of COVID-19 violates their Eighth Amendment right against cruel and unusual punishment.

The Petition seeks a two-part response to the COVID dangers facing the class of all prisoners and the subclass of medically vulnerable prisoners at FCI Danbury.

First, petitioners contend that the Bureau of Prisons has failed to make full and sufficient use of the authority accorded it to transfer prisoners to home confinement to protect them against COVID-19 at FCI Danbury despite explicit directives from the Attorney General of the United States that it should make aggressive use of that authority to transfer appropriate prisoners to home confinement on an expedited basis.  To cure that failure, petitioners seek orders requiring FCI Danbury to undertake the immediate transfer of the most medically vulnerable individuals to home confinement or other appropriate settings.

Second, petitioners contend that FCI Danbury has failed to implement the measures necessary to protect the prison population from COVID-19 infection.  Petitioners further contend that FCI Danbury's failure to respond to the COVID-19 epidemic has further put petitioners and putative class members at unacceptably heightened risk of injury and illness unrelated to COVID-19, in particular, because breakdowns in the health care system at FCI Danbury have prisoners with COVID-19 symptoms unable to access medical care and prisoners with other urgent health needs going without necessary treatment.  With respect to these failures, petitioners seek immediate implementation for those who remain of the social distancing and hygiene measures essential to lowering the risk of the disease and of death and necessary improvements in the system of health care delivery at Danbury.

On May 12, this Court issued a Temporary Restraining Order granting in part petitioners' request for provisional remedies.  The Court found that the facts regarding the Bureau of Prison's

use of its home confinement authority are largely undisputed and held that those facts establish

that officials at FCI Danbury have been making only limited use of their home confinement

authority, as well as other tools at their disposal to protect inmates during the outbreak.

Accordingly, the Court entered an Order provisionally recognizing a subclass of individuals who

are medically vulnerable to COVID-19 in accordance with CDC guidelines and ordering FCI

Danbury to finalize and implement a process that makes full and speedy use of its home

confinement authority and, in accordance with Attorney General Barr's directive to "immediately

maximize[] appropriate transfers to home confinement [for] all appropriate inmates held at . . .

FCI Danbury."  The Court further set this matter down for an evidentiary hearing on petitioners'

Motion for Preliminary Injunction.  That hearing is currently scheduled for June 23 and 24, 2020.

This action was originally brought by four named class representatives: Dianthe

Martinez-Brooks, Rejeanne Collier, Jackie Madore and Kenneth Cassidy.  As required by the

May 12 TRO Order and subsequent Orders of the Court, the BOP has reviewed the prisoners at

FCI Danbury to identify those eligible and appropriate for home confinement under the criteria

set forth by the Court in its Order and has now released approximately 50 of the prisoners so

reviewed with further releases pending, including three of the original named plaintiffs in this

action.  Mr. Cassidy was released to home confinement on May 13, 2020.  Dianthe Martinez-

Brooks, and Rejeanne Collier were released earlier this month.  Undersigned counsel filed a

voluntary dismissal of Mr. Cassidy's claims pursuant to Fed.R.Civ. P. 41(a) on June 4, 2020

[ECF No. 76] and have, likewise, this day, filed voluntary dismissals for Ms. Martinez-Brooks

and Ms. Collier.

At a telephonic status conference with the parties on June 5, 2020, the Court and the

parties agreed that petitioners would file a Rule 21 motion to add parties to protect against a

3

potential procedural default in the event that the final class representative was likewise released. Petitioners now bring this motion to add two additional named class representatives and for permission to file the attached Proposed Amendment to Petition for Writ of Habeas Corpus.

## ARGUMENT

## I.    LEGAL STANDARDS

Rule 21 provides that "[o]n motion . . . the court may at any time, on just terms, add . . . a party."  "The same liberal standard for amending pleadings under Rule 15(a) applies to the joinder of parties under Rule 21." *Suarez v. California Natural Living, Inc.*, 17CV9847, 2019 WL 5188952 at *2 (S.D.N.Y. Oct. 15, 2019).  Thus, "[i]n exercising its discretion under Rule 21, the court must consider principles of fundamental fairness and judicial efficiency." *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 155 (S.D.N.Y. 2003).  "As part of this inquiry, the court should consider whether an order under Rule 21 would prejudice any party, or would result in undue delay." *Id.*  "The court's decision to permit joinder is based on whether the claims of the additional plaintiffs arose out of the same or separate acts or occurrences, whether the party seeking joinder has unnecessarily delayed the proceedings, and whether the non-movant would be prejudiced by the addition." *Fashion Group, LLC v. Johnny's Signature, Inc.*, 18CV2959, 2019 WL 4572202 at *4 (S.D.N.Y. Sept. 20, 2019).

As is the case under Fed. R. Civ. P. 15(a), "a motion to amend [to add a party] should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced . . . or the proposed amendment is futile." *Fashion Group*, 2019 WL 4572202 at * 4, *quoting McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "[A]mendment should normally be permitted, and . . . 'refusal to grant leave without justification is inconsistent with the spirit of the Federal Rules.'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.*,

46 F.3d 230, 234 (2d Cir. 1995), *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962).

**II.      THE COURT SHOULD GRANT PETITIONERS LEAVE TO ADD MS. COOPER AND MR. WHITTED AS NAMED CLASS REPRESENTATIVES**

The relevant legal factors all support permitting the addition of Ms. Cooper and Mr. Whitted in this case.  Their claims clearly arise out of the "same acts . . . or occurrences" as the claims of Ms. Madore and the other original named class representatives.  Petitioners have not unduly delayed in adding Ms. Cooper and Mr. Whitted as named class representatives, nor will their appearance as named class representatives cause undue (or, indeed, any) delay in this matter.  Finally, their substitution as named class representatives cannot prejudice respondent.  The proposed amendment substituting Ms. Cooper and Mr. Whitted as named class representatives is not futile and does not alter the legal theories or factual assertions in the original Petition.  There is no basis for any claim that petitioners are acting in bad faith.

**CONCLUSION**

For the reasons stated above, the Court should grant petitioners leave to add Ms. Cooper and Mr. Whitted as named class representatives in this action and to file the accompanying proposed Amendment to the Petition.

Respectfully Submitted,

_____/s/  Jonathan M. Levine_____
David S. Golub, ct00145
Jonathan M. Levine, ct 07584
Silver, Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06901
Phone: (203) 325-4491
Email:  dgolub@sgtlaw.com
            jlevine@sgtlaw.com

Sarah French Russell, ct26604
Tessa Bialek ct30582
Legal Clinic, Quinnipiac University School of Law
275 Mt. Carmel Avenue
Hamden, CT 06518
Phone: (203) 582-5258
Email:  sarah.russell@quinnipiac.edu
            tessa.bialek@quinnipiac.edu

Marisol Orihuela, ct30543
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
Email:  marisol.orihuela@ylsclinics.org

Alexandra Harrington
127 Wall Street
New Haven, CT 06511
Phone: 203-436-3532
alexandra.harrington@yale.edu

*Counsel for the Petitioners*