**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JAMES WHITTED, individually, and on behalf of all others similarly situated,<br><br>    *Petitioner*,<br><br>  v.<br><br>DIANE EASTER, Warden of Federal Correctional Institution at Danbury in her official capacity,<br><br>    *Respondent*. | No. 3:20-cv-00569 (MPS) |

## ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY AND ORDERING NOTICE

On August 3, 2020, Petitioner filed a motion to certify a class for settlement purposes only, and to appoint class counsel and a class representative. ECF No. 133. On the same day, Petitioner filed a motion for an order of notice to the class. ECF No. 135. The Court held a telephonic status conference on August 5, 2020 to discuss both motions. As a result of that conference, the Government filed the "side letter," ECF No. 138, and Petitioner filed a revised Notice in both English and Spanish, ECF No. 139, 139-1, 139-2. Respondent consents to both motions. ECF No. 133 at 1; ECF No. 135 at 1.

Having considered the motions and the supporting memoranda and materials filed therewith, the Settlement Agreement (ECF No. 134-1) and side letter (ECF No. 138-1), and the revised Notice (ECF No. 139), the Court certifies the proposed class for settlement purposes, grants the Motion for Order of Notice (ECF No. 135) by approving the revised Notice (ECF No. 139), and finds and orders as follows:

1.  Pursuant to 28 U.S.C. § 2241, this Court has jurisdiction over the subject matter of

1

this litigation and all related matters and all claims raised in this action and released in the

Settlement Agreement.  The Court also has personal jurisdiction over all parties and Class

Members.

2.      The Court finds that, under *U.S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125 (2d

Cir. 1974), a multiparty proceeding analogous to a class action is appropriate here substantially

for the reasons set forth in the Court's Temporary Restraining Order ("TRO").  ECF No. 30 at 63-

65; *see also* ECF No. 134 at 7-9.  In particular: (1) the issue of the constitutionality of the

Warden's implementation of her home confinement and compassionate release authority is

plainly "applicable on behalf of the entire class" and is "uncluttered by subsidiary issues"; (2) the

majority of the vulnerable inmates would be unlikely to have the benefit of counsel in pursuing

individual habeas petitions absent a multi-party proceeding; and (3) multi-party treatment avoids

the "considerable expenditure of judicial time and energy in hearing and deciding numerous

individual petitions presenting the identical issue."  ECF No. 30 at 63-65 (citing *Preiser*, 506 F.2d

at 1126).  As a result, and acknowledging "that the precise provisions of Rule 23 do not apply to

habeas corpus proceedings," the Court finds that the class action procedures set forth in Fed. R.

Civ. P. 23 provide an appropriate mode of procedure to resolve this multi-party habeas

proceeding .  *See Preiser*, 506 F.2d at 1125 (citing *Harris v. Nelson*, 394 U.S. 286, 294, 299

(1969) (confirming the power of the judiciary to fashion "appropriate modes of procedure, by

analogy to existing rules or otherwise in conformity with judicial usage" under the All Writs Act,

28 U.S.C. § 1651 (1970))).

3.      The Court finds that the requirements for class certification under Fed. R. Civ. P.

23(a) and 23(b)(2) are satisfied for settlement purposes only with respect to the following Class:

> any person incarcerated at FCI Danbury anytime from the Effective Date of the parties'
> Settlement Agreement, i.e., July 27, 2020, until the termination date of the Agreement,

i.e., October 31, 2021, unless otherwise modified by the parties pursuant to the terms of the Agreement, who either (a) is a List One Inmate or List Two Inmate (as those terms are defined in the Settlement Agreement, ECF No. 134-1 at 3-4), or (b) possesses one or more underlying medical conditions which, according to current CDC guidance (i.e., the CDC guidance in effect at the time of the individual's home confinement review), either (i) places that inmate at increased risk of severe illness from COVID-19 ("Tier 1 medical conditions"); or (ii) might place that inmate at an increased risk of severe illness from COVID-19 ("Tier 2 medical conditions").

4.      The Court finds that Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy are met for substantially the reasons set forth in the TRO.  ECF No. 30 at 65-66; *see also* ECF No. 134 at 9-14; Fed. R. Civ. P. 23(a)(1)-(4).  The proposed class is so numerous that the joinder of all members is impracticable, given that at least 439 inmates at FCI Danbury have been identified as medically vulnerable within the meaning of the class definition set forth above.  ECF No. 134 at 10; *see also Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (holding that "numerosity is presumed at a level of 40 members").  When new admissions to FCI Danbury are accounted for, the class may exceed 600.  ECF No. 134 at 10-11.  The Court also finds that there are questions of law or fact that are common to the class, even under *Preiser*'s stringent standards.  506 F.2d at 1127.  That is so because: (1) each class member is recognized as being a part of the high-risk group as to which a prompt and constitutionally adequate home confinement review is justified; and (2) the factual and legal questions regarding the Warden and Bureau of Prison's ("BOP") process for considering inmates for home confinement are common to the entire class.  ECF No. 134 at 12-13.  This is true even though members of the class may face varying levels of heightened risk of severe illness from COVID-19.  The Court finds that Rule 23(a)(3)'s typicality requirement is met because "each class member's claim arises from the same course of events [i.e., application of respondent's home confinement review process], and each class member makes similar legal arguments to prove the defendant's liability."  *Cent. States SE. & SW. Areas Health and Welfare Fund v.*

*Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 245 (2d Cir. 2007). The Court also finds that that the Plaintiff and Settlement Class Counsel will fairly and adequately protect the interests of the Class under Rule 23(a)(4). Because of his medical conditions (*see* ECF No. 134 at 14), Mr. Whitted is an appropriate and adequate class representative for the proposed class of medically vulnerable individuals. He has incentives to seek a home confinement review process that is speedy and fair and that best accounts for class members' shared medical vulnerabilities to COVID-19 regardless of each member's individual conditions. Further, class counsel are "qualified, experienced and able to conduct the litigation," *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000), and meet the requirements of Rule 23(g). *See* Declarations of Professor Sarah F. Russell, Professor Marisol Orihuela, David S. Golub, Esq. and Professor Alexandra Harrington (ECF No. 134-2, 134-3, 134-4, 134-5, respectively).

5.     The Court finds that the proposed settlement class also satisfies the requirements of Rule 23(b)(2) in that Respondent "acted or refused to act on grounds that apply generally to the class" so that "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (citing Fed. R. Civ. P. 23(b)(2))). Here, the Warden and BOP's home confinement policies and procedures apply generally to the class, and the Court can provide relief to each class member through a single injunction or declaratory judgment. The relevant relief sought in the petition—bail or "enlargement" to home confinement (ECF No. 1 at 66)—and ultimately fashioned in the Settlement Agreement—expedited home confinement review based on the standards set forth in the TRO with additional procedural protections enumerated in the Settlement Agreement—is plainly susceptible of class-wide application because it establishes procedural protections and uniform review standards common to the class.

4

6.     The Court hereby appoints James Whitted as Settlement Class Representative for settlement purposes only.

7.     The Court hereby appoints David S. Golub and Jonathan M. Levine of Silver, Golub & Teitell LLP, Sarah French Russell and Tessa Bialek of the Quinnipiac University School of Law Legal Clinic, Marisol Orihuela of the Jerome N. Frank Legal Services Organization, and Alexandra Harrington of the Criminal Justice Advocacy Clinic, University at Buffalo School of Law, as Settlement Class Counsel for settlement purposes only.

8.     The Court finds that the parties have a made a sufficient showing to justify ordering notice under Rule 23(e)(1) because (1) the Court likely will be able to approve the proposed Settlement Agreement and (2) the proposed Settlement Class has been certified as of the entry of this Order.  Subject to further review and a fairness hearing, the Court finds that it is likely to approve the proposed Settlement Agreement as fair, adequate, and reasonable.  In particular, the Court finds that the settlement terms appear fair, adequate, and reasonable as to all class members, including the effectiveness of the proposed method of providing relief and processing class member claims, when balanced against the costs and risks of further litigation.  The Court also finds that: (1) the class representatives and counsel appear to have adequately represented the class; (2) the proposed Settlement Agreement appears to treat class members equitably; and (3) the Settlement Agreement was reached after lengthy, intensive, arm's length negotiations, including over 38 hours of mediation (ECF No. 99, 102, 109, 112, 115, 119, 120, 121, 123) presided over by United States Magistrate Judge Thomas O. Farrish.

9.     The Court approves the form and content of the proposed Settlement Notice attached as exhibits to this order in English and Spanish.

10.    The Court finds that the distribution of the Settlement Notice in the manner and

form set forth in ECF No. 135 (as modified in ECF No. 139): (1) is the best practicable notice; (2) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the civil action and of their right to object to the proposed Settlement; and (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice. The Court directs Class Counsel to disseminate the Settlement Notice to the Class Members in accordance with its proposal in ECF Nos. 135 and 139.

11.     The Settlement Notice shall be provided: (1) to all class members currently incarcerated at FCI Danbury by posting a copy of the notice in both English and Spanish in each residential unit of the facility and by disseminating the notice in both English and Spanish via the Corrlinks/Trulincs email system maintained by the Bureau of Prisons to provide authorized email to BOP prisoners; and (2) to all class members admitted to FCI Danbury in the future by providing a copy of the notice in the appropriate language to such class member upon admission.

12.     Class members may mail an objection to the settlement to the Clerk of Court as instructed in the Settlement Notice. Objections may be submitted to the Court either by filing the objection on the docket or mailing the objection to the Clerk of Court, Abraham A. Ribicoff Federal Building, United States District Court, 450 Main Street Suite A012, Hartford, CT 06103, Attention: Danbury Settlement. Objections must be filed or received on or before **September 4, 2020**. Objectors should *not* send materials to the undersigned's chambers.

13.     Any Class Member who fails to submit timely written objections in the manner specified in this Order and in the Settlement Notice shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The Court will consider all timely filed objections, and no Class Member need participate in the Fairness Hearing to have his or her timely submitted objection considered by the

6

Court.

14.     Settlement Class Counsel shall file a motion to approve the settlement by **September 11, 2020**.  A Fairness Hearing, to be conducted entirely via video teleconference (or audio, for those who cannot participate by video), shall be held on **September 18, 2020 at 10:00 a.m.** to determine all necessary matters concerning the Settlement, including whether the proposed Settlement of the Civil Action on the terms and conditions provided for in the Settlement Agreement is fair, adequate and reasonable and should be finally approved by the Court.

15.     Pending the Fairness Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.

16.     The Court orders the following schedule for further proceedings:

   a.   Settlement Class Counsel shall distribute the Settlement Notice in both English and Spanish via the Corrlinks/Trulincs email system maintained by the Bureau of Prisons to Class Members within **3 days** of the entry of this Order, i.e., by **August 14, 2020**.  Within the same time frame, Settlement Class Counsel shall also arrange to disseminate notice as described in paragraph 11 of this Order.

   b.   Objections must be mailed to the Court as provided in the Settlement Notice and received no later than **24 days** after the entry of this Order, i.e., by **September 4, 2020**.

   c.   Settlement Class Counsel shall file a motion to approve the Settlement and a declaration of compliance regarding completion of notice no later than **31 days** after the entry of this Order, i.e., by **September 11, 2020**.

d.   The Final Approval Hearing will be held on **September 18, 2020 at 10:00 a.m.** via video teleconference (or by audio, for those who cannot join by video).  The Court will post  the Zoom video and audio access information to the docket after the entry of this Order.

17.    Should the Court adjourn or continue the date of the Fairness Hearing or any other dates set forth above, it will do so without further notice to Class Members except on the Court's docket available on PACER (http://ecf.ctd.uscourts.gov).

IT IS SO ORDERED.


_____
/s/
Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
              August 11, 2020

8