UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES WHITTED,<br>individually, and on behalf of all others<br>similarly situated,<br><br>                  Petitioner,<br><br>   v.<br><br>D. EASTER, Warden of Federal Correctional<br>Institution at Danbury, in her official capacity<br><br>                  Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:  Case No. 3:20-cv-569 (MPS)<br>:<br>:<br>:<br>:<br>:<br>: |

**RESPONSE TO CLASS COUNSEL'S DECEMBER 6, 2020
MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**

Section 11 of the Settlement Agreement, ECF 134-1, provides that the "BOP will endeavor to release individuals approved for home confinement to home confinement within 14 days of the approval decision unless public safety or the absence of any home in which to place the inmate would make it unsafe to move the inmate to home confinement within that 14 day period." The issue before the Court is whether this provision of the Settlement Agreement has been violated to warrant an order of specific performance.[1] As explained in the attached declaration of the Respondent Diane Easter, the Warden of FCI Danbury, dated December 10, 2020, attached as Exhibit A to this response, it is the Respondent's position that she has endeavored to meet this 14-day target and continues to strive to make improvements within Bureau of Prisons ("BOP") operations to meet this settlement term. In further support of the Respondent's position – and to

---

[1] Respondent does not share class counsel's view that they have satisfied the dispute resolution requirements of the Settlement Agreement with respect to the issues before the Court on this motion, *see* ECF 263, at p.5 n.8; however, in this singular instance, the Respondent is willing to waive the ordinary conditions precedent to seeking Court intervention that are required by Section 23's multi-tiered dispute resolution clause. For the avoidance of doubt, this waiver only applies to this motion sequence.

help contextualize the issues before the Court – is the attached declaration of Erik Anderson, BOP Eastern Sector Administrator, Residential Reentry Management Branch, attached as Exhibit B to this response.

The parties disagree about at least two relevant legal issues. First and foremost, the parties disagree about what constitutes a legitimate "public safety" rationale that can justify a release period longer than 14 days from a decision approving home confinement consistent with Section 11 of the Settlement Agreement. As explained in the attached declarations, Exhibits A and B, it is the Respondent's position that pre-release quarantine requirements and supervision related administrative requirements are legitimate public safety reasons that can permit release delays beyond 14 days, consistent with Section 11.[2]

Second, the parties disagree about the extent to which the May 12, 2020 TRO, ECF 30, has been incorporated into the Settlement Agreement. Under the Settlement Agreement, the Respondent and BOP agreed to perform home confinement reviews based upon "the standards set forth in the May 12, 2020 TRO," see ECF 134-1, ¶¶ 2, 3 and 6, meaning reviews would be based upon the totality of the circumstances, without categorical exclusions, and would assign substantial weight to an inmate's COVID-19 risk factors based on CDC guidance, see ECF 30, p. 71. Nowhere does the Settlement Agreement incorporate wholesale the May 12, 2020 TRO, ECF 30, or any aspect of the Court's May 28, 2020 Order, ECF 68. Accordingly, those orders do not supply the rule of decision here—Section 11 of the Settlement Agreement does. Class counsel misleads the Court in suggesting that, through the Settlement Agreement, the Respondent and BOP agreed to "modify[] any requirement that a person approved for home confinement be quarantined at the

---

[2] For the Court's convenience, attached as Exhibit C to this response, the Respondent has updated the chart that is Exhibit A to class counsel's motion, ECF 263-1, with an additional column that summarizes each inmate's release status, as explained in greater detail in the declaration of Warden Easter filed with this response.

2

facility for 14 days to allow for immediate release to home confinement for those inmates as to whom Respondent verifies, after reasonable inquiry, that the inmate is not showing symptoms and is able to self-isolate for the same period in the home confinement setting." *See* ECF 263, pp. 5, 6 and 12.  Not so.  The Respondent and BOP made no such agreement; and class counsel is fully and demonstrably aware of this from our settlement discussions.  Indeed, paragraph 7 of the July 24, 2020 Side Letter, ECF 138-1, at p. 3, issued at the time of the settlement and considered by the Court at the fairness hearing, provides in part:  "For the safety of inmates and the community, it is BOP policy that all inmates who are approved for home confinement or residential reentry center placement be quarantined for 14 days prior to release from FCI Danbury."

      Finally, on December 8, 2020, the Court ordered this response to attach: "(1) the 'new BOP guidelines requiring certain language in BEMR regarding the risk of COVID-19 in the community' and (2) any policies or procedures (whether BOP-wide or specific to Danbury) governing the 'specific security review' apparently being performed before 'CIM' inmates approved for home confinement by the HCC may be released on home confinement.  See ECF 263-3 at 4."  ECF 269. All such attachments are included as attachments to Warden Easter's declaration, Exhibit A.

      Respectfully Submitted,

Respondent,
By Her Attorneys,

John H. Durham
United States Attorney

    /s/
John B. Hughes, ct05289
Michelle L. McConaghy, ct27157
David C. Nelson, ct25640
Jillian R. Orticelli, ct28591
Nathaniel M. Putnam, phv10463
Assistant U.S. Attorneys

## CERTIFICATION

      I certify that on December 10, 2020, a copy of the foregoing Response to Class Counsel's December 6, 2020 Motion to Enforce the Settlement Agreement (ECF 263) and all of its exhibits were filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                    /s/
                          Michelle L. McConaghy (ct27157)
                          David C. Nelson (ct25640)
                          Jillian R. Orticelli (ct28591)
                          Nathaniel M. Putnam (phv10463)
                          Assistant U.S. Attorneys