UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES WHITTED, individually, and on behalf of all others similarly situated,<br><br>*Petitioner*,<br><br>v.<br><br>DIANE EASTER, Warden of Federal Correctional Institution at Danbury in her official capacity,<br><br>*Respondent*. | No. 3:20-cv-00569 (MPS)<br><br><br><br>December 11, 2020 |

## ORDER OF SPECIFIC PERFORMANCE

I assume familiarity with the pleadings and orders in this case and with the class settlement, embodied in a Settlement Agreement approved by the Court after a fairness hearing on September 18, 2020. For reasons I will explain in a forthcoming opinion, I find that the Bureau of Prisons ("BOP") and the Respondent have breached the provision of the Settlement Agreement requiring that they "endeavor to release individuals approved for home confinement to home confinement within 14 days of the approval decision unless public safety or the absence of any home in which to place the inmate would make it unsafe to move the inmate to home confinement during that 14 day period." ECF No. 134-1 at 11-12.

There are currently 17 inmates at FCI Danbury who have been approved for home confinement but have been waiting substantially more than 14 days—some as long as 3 months—for processing of their release to home confinement. I am issuing this order now to effectuate their near-immediate release due to the urgent circumstances at FCI Danbury

presented by a new surge of COVID-19 infections there, as reflected on the BOP's COVID-19 website and in sworn declarations filed by the petitioner.

In the event of a breach, the Settlement Agreement authorizes the Court to order specific performance. ECF No. 134-1 at 14, 15. Yesterday, during a telephonic hearing with the parties, Respondent's counsel agreed that that authority allows the Court, if it finds that the BOP and the Respondent have breached the above-mentioned provision, to order a specific date for release of particular inmates. As noted, I make that finding and, with respect to the 17 inmates identified in this order, I further find that there is no public safety or other reason to refrain from doing by 5:00 p.m. on Saturday, December 12, 2020, what the BOP's Home Confinement Committee has already determined the Respondent Warden should do: release them to home confinement (or, if for some technical reason the Warden believes that is not possible, release them to their homes on furlough). The 17 inmates are identified in ECF No. 282, which counsel for the Respondent shall provide to the Respondent along with a copy of this order forthwith. The only public safety concern about immediately releasing these 17 inmates cited by counsel for Respondent during the telephonic hearing yesterday was that some of them have not yet completed a 14-day quarantine. But as I will explain in more detail in the forthcoming opinion, the fact that some of these inmates have not completed a 14-day quarantine at FCI Danbury does not, under the current circumstances at FCI Danbury, warrant further delaying their transfer to home confinement (or furlough). Given the apparently rapid increase in infections at FCI Danbury, it will be safer for all concerned for these inmates to quarantine in their homes, which they should be instructed to do upon leaving FCI Danbury. **Accordingly, Respondent and the BOP shall transfer to home confinement (or furlough) each of the 17 inmates identified in ECF No. 282 by 5:00 p.m. on Saturday, December 12, 2020. Should any of these 17 inmates require**

**additional time to arrange for safe transportation to the place of home confinement (or furlough), Respondent and the BOP shall be granted such additional time—but not later than Tuesday, December 15, 2020, at 5:00 p.m.—as is necessary to safely move that inmate to home confinement (or furlough).  For the avoidance of doubt, a family member's or friend's picking up the inmate at FCI Danbury in a vehicle constitutes safe transportation for purposes of this order.**

In addition, henceforth, the BOP/Respondent may not delay releasing an inmate who is a member of the settlement class in this case beyond 14 days after approval by the Home Confinement Committee for any of the following reasons: (1) the need to make additional notations in, or the need to supplement, the inmate's medical record; (2) the need to quarantine an inmate at FCI Danbury unless the BOP finds, for specific reasons, that the inmate cannot safely quarantine at home; (3) the need to await COVID-19 test results or to further quarantine an inmate if the inmate has quarantined for 14 days at FCI Danbury and is not showing symptoms of COVID-19; (4) electronic or paperwork errors of the type described in the Warden's declaration, ECF No. 281 at 3-4; (5) a delay in transmitting an approval by the Home Confinement Committee to the RRM of more than 2 days from the date of approval; (6) a delay by the RRM in setting the inmate's date for release of more than 5 days from receipt by the RRM of the referral packet; (7) the setting of a date for release by the RRM that is more than 14 days from the sending of the referral packet to the RRM; and (8) the need to make or document a comparative risk assessment with respect to whether home confinement would be more effective in protecting the inmate's health than continued confinement at FCI Danbury.

Further, to the extent there is a delay beyond 14 days from approval, the reasons for the delay and a plan to eliminate or minimize further delay must be specifically documented and

communicated to class counsel within 5 days of the expiration of the 14-day period from approval. The plan need not be detailed but should note practical steps the BOP intends to take to clear the obstacles to release. Similarly, in case the BOP views the delay as justified by public safety considerations or the absence of a home, it must document its findings and the steps it intends to take to resolve those obstacles and provide such documentation to class counsel within 5 days of the expiration of the 14-day period from approval.

IT IS SO ORDERED.

                                                                  /s/
                                       Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
                December 11, 2020