# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

James Whitted,       :
individually, and on behalf of all others :
similarly situated,      :
            :
     Petitioner,    :
            :
  v.         :  Case No. 3:20-cv-569 (MPS)
            :
            :
J. Sage, Acting Warden of Federal Correctional :
Institution at Danbury, in her official capacity, :
            :
     Respondent.   :  July 9, 2021

## RESPONSE TO PETITIONER'S OBJECTION TO JUDGE FARRISH'S RECOMMENDED RULING REGARDING RE-REVIEW FOR HOME CONFINEMENT

The Respondent hereby responds to Petitioner's objection to Judge Farrish's recommended ruling regarding MBE and MBY.  By way of background, this issue arose following the Court's ruling on January 19, 2021.  In that ruling, the Court instructed the parties to meet and confer regarding inmates (1) whose individual home confinement denials either: (i) contained the "does not have risk factors" language; or (ii) were based in any part on "percentage or amount of time served or … a disciplinary history that is non-violent, non-sexual, and does not show a clear patten of misconduct suggesting an inability to follow the law," and (2) "who are otherwise strong candidates for re-review, *i.e.*, those whose worksheets do not otherwise raise significant concerns about public safety, properly understood."  Doc. # 332, pg. 13-6.  In making this order, the Court stated that "[i]t is my hope that the parties will focus the re-review process on the inmates who face the greatest dangers from COVID-19 and are least likely to present a danger to public safety."  Doc. #332, pg. 16.

1

Of the approximately 190 inmates considered by the parties as a result of this order, the parties were only in disagreement as to the inmates that are the subject of this motion.  But even there, the parties reached an agreement:  they would submit very short (five to six pages) simultaneous briefs to Judge Farrish for him to decide whether the BOP should re-review these individuals following the January 19, 2021 order.

Judge Farrish issued a comprehensive 23-page opinion on June 23, 2021.  Judge Farrish denied the Petitioner's motion and held that BOP should not have to re-review MBE and MBY. In reaching this conclusion, Judge Farrish conducted a significant review of the litigation to date – including this Court's holdings – and devoted extensive time to a review of the facts and history of MBE and MBY.  In short, Judge Farrish's opinion is a holistic and wide-ranging review of this case and the specific facts of these two inmates, authored by a Judge who has spent over forty hours of time helping the parties mediate the original settlement agreement and an untold number of hours working with the parties in post-settlement sessions.

The Petitioner thinks Judge Farrish got it wrong.  The Petitioner does not argue that Judge Farrish overlooked controlling law.  The Petitioner does not argue that Judge Farrish missed, or misunderstood, a fact.  The Petitioner does not even argue that Judge Farrish misinterpreted this Court's holdings and statements concerning this case.  *None* of those things is an issue, according to the Petitioner's objection.  *Cf.* Local Rule 72.2(c) ("the reviewing Judge on a timely objection [to a recommended ruling] shall set aside any order found to be clearly erroneous or contrary to law …").  Instead, the Petitioner would like to substitute his judgment for both Judge Farrish and the BOP.

The Petitioner's desire to substitute his judgment for Judge Farrish and BOP is well illustrated in his analysis of MBY's case.  On page 22 of his brief, the Petitioner notes that

MBY's case "is an outlier and in stark contrast to its decisions in other cases reviewed under this lawsuit." Doc. #409, pg. 22. This assertion misses the point of all this Court's pronouncements in this case, however, because this Court has made it clear that it does not want BOP to use a categorical approach but instead conduct individualized assessments. The Petitioner's argument rests on the idea that he thinks this decision should be different and, indeed, he goes on to set forth all the ways that he thinks MBY's circumstances justify a different decision.[1] The Petitioner makes the same type of argument in support of MBE, where he argues that MBE's drug dealing, which resulted in the death of an individual, is not properly related to public safety, at least as he interprets the term public safety.[2] Doc. #409, pg. 8. Thus, it is not a question of whether Judge Farrish overlooked a fact or relevant case or law; it is just that the Petitioner does not agree.

The Petitioner's disagreement with the substantive determinations of BOP – and by extension here, Judge Farrish – is not a valid basis under the settlement to challenge either decision. The Petitioner's philosophy on public safety does not reflect the judgment and experience of the HCC, nor is it incorporated into the settlement agreement. As Judge Farrish explained, "nothing in Judge Shea's January 19, 2021 order or in his transcribed remarks would prevent the HCC from considering that inmates who commit serious crimes may present higher

---

[1] The Petitioner's citation to the "60 cases" throughout his brief is an example of this fallacy. Additionally, the fact that BOP has released individuals who have received one dose of the vaccine also does not support the Petitioner's argument. As this Court is aware, the BOP voluntarily elected to continue to review inmates for home confinement after inmates received the first dose as an incentive for inmates to accept the vaccine. That BOP released inmates even after they received the first dose demonstrates BOP's good faith in this review process, not some sort of disparate treatment.

[2] The Petitioner continues to misunderstand how the seriousness of the offense might, or might not, relate to public safety. For example, a computer hacker who breaks into companies' computers solely to leave an electronic note saying "your system is not secure" and then contacts the companies and offers to help improve security has committed a serious offense, but the danger to public safety is an entirely different question. As Judge Farrish noted, however, MBE's offense was not just dealing drugs laced with fentanyl, but also dealing drugs to the "most fragile possible target." Doc. #406, pg. 15. Judge Farrish properly determined that the facts of MBE's offense demonstrated that this inmate is a danger to public safety, and not just a serious offense.

and more immediate public safety concerns than inmates who commit lesser crimes." Doc. #406, pg. 20-1. Here, Judge Farrish properly applied this Court's prior rulings and correctly determined that BOP should not re-review MBE and MBY. For the reasons set forth in Judge Farrish's recommended ruling, this Court should adopt and affirm Judge Farrish's recommended ruling.

Respectfully Submitted,

For Respondent,

Leonard C Boyle
Acting United States Attorney

_____/s/_____
John B. Hughes, ct05289
Michelle L. McConaghy, ct27157
David C. Nelson, ct25640
Jillian R. Orticelli, ct28591
Nathaniel M. Putnam, phv10463
Assistant U.S. Attorneys
157 Church Street, 25th Floor
New Haven, CT 06510
Tel.: 203-821-3700
Fax.: 203-821-5373

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/_____
Michelle L. McConaghy, ct27157
David C. Nelson, ct25640
Jillian R. Orticelli, ct28591
Nathaniel M. Putnam, phv10463
Assistant U.S. Attorneys

4